United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dania Live 1748 II, LLC, as successor in interest to Dania Live 1748, LLC, Plaintiff,<br><br>v.<br><br>Saito Dania, LLC and Saito Steak House, Inc., Defendants. | )<br>)<br>)<br>)  Civil Action No. 23-60960-Civ-Scola<br>)<br>)<br>)<br>) |

**Order Denying Plaintiff's Motion for Summary Judgment**

This matter is before the Court on the motion for summary judgment by Plaintiff Dania Live 1748 II, LLC, as successor in interest to Dania Live 1748, LLC ("Dania Live"). (Mot., ECF No. 31.) Defendants Saito Dania, LLC ("Saito Dania") and Saito Steak House, Inc. ("Saito Steak House") responded in opposition to the Plaintiff's motion (Resp., ECF No. 36), and the Plaintiff replied. (Reply, ECF No. 38.) After careful consideration of the parties' briefings, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 31**.)

**1. Background**

This matter arises from a lease dispute between the Plaintiff Dania Live, the landlord, and the Defendant Saito Dania, LLC ("Saito Dania"), the tenant.[1] The parties entered into a commercial lease for a parcel in a large shopping center to be used as a restaurant. (ECF No. 31.) The lease was executed in 2017, but due to construction delays, in February 2020, the parties agreed to extend the delivery date for the property to March 1, 2020, and extend the rent commencement date to December 1, 2020. (*Id.*); (ECF No. 32-1 at 131.)

The Plaintiff alleges that the rent commencement date remained December 1, 2020, but because the Co-Tenancy Provision of the Lease Agreement had not been satisfied, Saito Dania's required payment from December 1, 2020, to December 1, 2021, was zero. (ECF No. 31 at 4-5.) However, the Plaintiff claims that starting on December 1, 2021, the Co-Tenancy Provision was satisfied, and therefore the Defendants owe $561,269.34 in outstanding rent from December 1, 2021, through August 1, 2022. (*Id.* at 5.) The tenant opened for

---

[1] Saito Steak House, Inc. ("Saito Steak House") guaranteed Saito Dania's obligations under the lease as a guarantor. (ECF No. 32-1 at 140-43.)

business on September 10, 2022 (ECF No. 36-1 ¶9), and the subsequent rent payments are not in dispute. (*See* ECF No. 31.)

In contrast, the Defendants argue the parties modified the rent commencement date. (ECF No. 36.) In support, they cite to a July 19, 2022, email between representatives for the parties. On January 4, 2022, Katie Wycoff, a representative for Plaintiff[2], emailed Bruce Corn, a representative for Saito Dania, stating: "We are currently researching your request regarding a rent commencement date change. Will get back to you when we have a response." (ECF No. 36-2.) On July 18, 2022, Bruce Corn replied to Wycoff and others:

> I am reaching back out to you based on the email below and a follow-up conversation we had in Jan. As you know Saito has finally worked through the city approval process and has received their final CO. and is waiting only on a health inspection. In our last conversation you requested we touch base once the CO had been received and we can then work on a rent commencement date. Can you please reach out and we can further discuss confirming a new date

(*Id.*) Wycoff replied to Corn's email on July 19, 2022, stating "I recall we were waiting on Saito's to open before revisiting the rent commencement. Once they open, Catherine and Jennifer cc'd here in our asset management dept will be your contacts to discuss further." (*Id.*)

### 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the nonmoving

---

[2] The Plaintiff does not dispute that Wycoff is its representative. (ECF No. 38 at 4.)

party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### 3. Analysis

The Plaintiff's motion for summary judgment alleges that by failing to remit the payment of rent, the Defendant has breached its contractual obligations under the lease, and Plaintiff is owed the outstanding sums plus attorneys' fees and costs. (ECF No. 31.) The Defendants contend however that the July 19, 2022, email and other communications and conduct by the parties demonstrate that the parties had modified the rent commencement date. (ECF No. 36.) The Plaintiff replied, arguing that the email did not modify the terms of the lease, nor did any course of conduct. (ECF No. 38.) Further, the Plaintiff argues that the lease precludes non-written modifications. (*Id.*) According to the Plaintiff, the effect of the lease documents' terms is a pure question of law, and therefore summary judgment is appropriate. (*Id.*) The Court disagrees.

As the movant, the Plaintiff bears the burden of showing the absence of genuine issues of material fact on each element of its breach of contract claim. *See United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991). Under Florida law, modification of a contract requires the same "meeting of the minds" as the formation of the original contract. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d

1119, 1142 (11th Cir. 2010) (citing *Binninger v. Hutchinson*, 355 So. 2d 863, 865 (Fla. Dist. Ct. App. 1978)). When a genuine dispute exists as to whether the parties modified a written contract, summary judgment is inappropriate. *ConSeal Int'l Inc. v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1270 (S.D. Fla. 2020) (Bloom, J.) (denying plaintiff's motion for summary judgment where the parties disagreed about whether subsequent oral and email communications modified their written agreement). Here, the Defendant asserts that the July 19, 2022 email, other communications between the parties, and the parties' course of conduct demonstrate that the contract—specifically the rent commencement date—had been modified.

The Court agrees with the Defendant that there exists a genuine issue of material fact as to whether the parties modified the contract. First, the emails Defendants cite can be construed as evincing a mutual desire to reset the rent commencement date upon the restaurant opening. (ECF No. 36-2 at 3) ("In our last conversation you requested we touch base once the CO had been received and we can then work on a rent commencement date."); (ECF No. 36-2 at 2) ("I recall we were waiting on Saito's to open before revisiting the rent commencement. Once they open, Catherine and Jennifer cc'd here in our asset management dept will be your contacts to discuss further.") Further, the email communications also suggest that neither party believed the rent was already due and owing as of July 2022. (*Id.*) And despite the Plaintiff's claims that rent became due on December 1, 2021, it did not send Saito Dania a notice of non-payment until November 16, 2022. (ECF No. 32-1 at 144.) The aforementioned facts would permit an inference that the rent commencement date had been modified by the parties. If more than one inference could be construed from the facts by a reasonable fact finder, the Court should not grant summary judgment. *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

The Plaintiff argues, however, that the lease agreement includes a clause barring non-written modifications:

> All negotiations, considerations, representations, and understandings between Landlord and Tenant are incorporated herein and may be modified or altered only by agreement in writing between Landlord and Tenant, and no act or omission of any employee or agent of Landlord shall alter, change or modify any of the provisions hereof.

(Pl.'s Stmt. of Mat. Facts ("SMF") ¶6, ECF No. 32) (citing ECF No. 32-1 at 61.) Nevertheless, it is well-established that despite prohibitive language, a "written contract may be modified by parol where the oral modification has been

accepted and acted upon by the parties in such manner as to work a fraud on either party to refuse to enforce it." *Pro. Ins. Corp. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956); *see also Fid. & Deposit Co. of Maryland v. Tom Murphy Const. Co.*, 674 F.2d 880, 885 (11th Cir. 1982) (holding that oral modifications are effective "despite prohibitive language in the contract only where clear and unequivocal evidence of a mutual agreement is presented"). The clause, therefore, does not foreclose the possibility of contract modification. Accordingly, there exists a genuine dispute of a material fact—whether the parties modified the rent commencement date—and summary judgment is not appropriate. *See Fid. & Deposit Co. of Maryland*, 674 F.2d at 885.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Plaintiff's motion for summary judgment. (**ECF No. 31**.)

**Done and ordered**, in Miami, Florida, on September 27, 2024.

Robert N. Scola, Jr.
United States District Judge