United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dania Live 1748 II, LLC, as successor in interest to Dania Live 1748, LLC, Plaintiff,<br><br>v.<br><br>Saito Dania, LLC and Saito Steak House, Inc., Defendants. | )<br>)<br>)<br>) Civil Action No. 23-60960-Civ-Scola<br>)<br>)<br>)<br>) |

### **Order Denying Defendants' Expedited Motion for Leave to Amend their Answer and Affirmative Defenses**

This cause comes before the Court on the Defendants' expedited motion for leave to amend their answer and affirmative defenses. (ECF No. 62.) Specifically, the Defendants seek to include additional affirmative defenses and a counterclaim. (ECF No. 62.) In support, they assert that they did not receive the Plaintiff's "Co-Tenancy Records" until October 4, 2024, despite requesting them "as early as August 27, 2024." (*Id.*) This matter is scheduled for trial on November 20, 2024, and therefore the Defendants request an expedited ruling on this motion. (*Id.* at 7.)

The Court's scheduling order set October 2, 2023, as the deadline to amend the pleadings. (ECF No. 8.) Now, more than a year later, the Defendants seek to amend their operative pleading. When a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). The movant must first show "good cause" under Rule 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa,* 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2).

The Defendants argue that good cause exists "based on the late disclosure of evidence critical to the defense of this action." (ECF No. 62.) By the

Defendants' own admission, "[t]he Co-Tenancy Provision is not just vital to the determination of the Commencement Date, but also separately to the determination of timeliness of the Lease's separate provision whereby Landlord agreed to reimburse for tenant improvements." (*Id.* at 3.) However, the Defendants have failed to explain why the deadline to amend could not have been met had they been diligent. *See Sosa*, 133 F.3d at 1418. The vitality of the Co-Tenancy Provision should have been apparent to Defendants at the outset of this cause of action—more than a year ago.

   Even giving Defendants the utmost benefit of the doubt, if they were only put on notice about the vitality of the Co-Tenancy Provision when the Plaintiff filed its motion for summary judgment, the Court still could not find that the Defendants were diligent enough to warrant untimely amendment. The Plaintiff's motion for summary judgment was filed on June 28, 2024—more than four months ago—specifically putting the Defendants on notice about the vitality of the Co-Tenancy Provision. (ECF No. 31 at 5.) By the Defendants' own admission, however, they did not request the Co-Tenancy Records until August 27, 2024, nearly two months later. (ECF No. 62 at 2.) Furthermore, the Defendants admit that they received the Co-Tenancy Records on October 4, 2024. However, their expedited motion to amend their answer and affirmative defenses was filed almost a month later—on November 1, 2024. Thus, the Court cannot find that the Defendants' diligence excuses their untimely request to amend their answer and affirmative defenses. *See Sosa*, 133 F.3d at 1418. The Defendants' motion for leave to amend is **denied**. (**ECF No. 62**.)

   **Done and ordered** in Miami, Florida on November 1, 2024.

_____
Robert N. Scola, Jr.
United States District Judge